KEELY *v.* GARNER and Another.

APPEAL from the *Wells* Court of Common Pleas.

HANNA, J.—Suit upon the record of a judgment of the Common Pleas Court of the county of *Huntingdon*, state of *Pennsylvania*.

Answer, general denial.

The errors assigned and points made in the brief of counsel are, first, that a transcript of the proceedings, &c.,

in the case in *Pennsylvania*, was improperly admitted in evidence; and, second, that the judgment is too large.

As to the first objection, as pointed out, to-wit, that the authentication is not sufficient, we are of opinion it is in accordance with § 286, 2 R. S. p. 93.

As to the second objection, the original suit was an action of replevin, in which the property was delivered to the plaintiff, in that action, and he had judgment upon the verdict of a jury for 3 dollars and 33 cents in damages. There is no statute of *Pennsylvania* pleaded by either party. We are not judicially informed, therefore, whether, by the law of that state, it was necessary for the jury to find, and the judgment to show, in whom the title to the property was; nor are we informed as to whether the costs followed the judgment for damages or not. The judgment itself does not show anything upon the subject. Indeed, if entered in this state, it would be informal, as it is merely a memorandum stating that there is judgment on the verdict.

The judgment below is for 170 dollars, and is not for too much if the plaintiff was entitled to recover for the costs in the replevin suit, as contained in the transcript. In the transcript is a receipt, in the following form, at the foot of the column, where the costs are summed up: "Received from ex. of plaintiff.—*J. Steel*." Other parts of the record show *J. Steel* to have been the prothonotary of the Court. No other evidence was adduced but the transcript. Was it sufficient to entitle the plaintiff to a judgment; and if so, to what amount?

As no statute of *Pennsylvania* is shown, we will presume, in accordance with the usual practice, that the right of the plaintiff to a judgment for costs, followed his recovery in the suit against the defendant, as an incident thereto; it is, therefore, not necessary to decide whether the receipt was properly admitted as evidence.

*Per Curiam.*—The judgment is affirmed with 5 per cent. damages and costs.

*J. P. Green*, for the appellant.